THE CHARLES RINGLING COMPANY, a corporation, *Plaintiff in Error*, vs. B. C. MUIRHEID, *Defendant in Error*.

Division A.

Opinion filed March 23, 1931.

*Early & Ernest,* for Plaintiff in Error;

*Harrison E. Berringer,* for Defendant in Error.

BUFORD, C.J.—In this case judgment was procured by the plaintiff in error against the defendant in error, Muirheid. Execution was issued and levied on a certain automobile on the 16th day of January, 1929. Helen S. Cur-

chin, acting through her agent Muirheid, filed claim affidavit for the automobile on the 16th day of January, 1929 and later filed a claim bond. Trial was had on the claim. Muirheid testified that he had been indebted to the claimant who was his daughter in the sum of One Thousand ($1,000.00) Dollars; had paid Five Hundred ($500.00) Dollars on the indebtedness and in April, 1928, owed the claimant a balance of Five Hundred ($500.00) Dollars and that he, in a letter, offered to give her the automobile in settlement of the balance of the claim and that she accepted the offer. Claimant lived in New Jersey Muirheid had a title certificate issued in the name of the claimant. The automobile remained in the possession of Muirheid in Sarasota County, Florida, until it was levied on under execution on the 16th day of January, 1929. The claimant testified to the same state of facts and both witnesses explained the continued possession of Muirheid by stating that the claimant lived in East Orange, N. J. and had not had an opportunity to come down and get or send for the automobile. The Court directed a verdict in favor of the claimant.

Writ of error was taken and there are several assignments of error. We will only discuss that assignment of error which is based upon the action of the court in directing a verdict for the claimant.

In Mayer Bros. vs. Wilkins, 37 Fla. 244, 19 Sou. 632, this Court held a charge in the following language:

"If the goods seized were in the possession of plaintiffs at the time of seizure, it is *prima facie* evidence that the ownership was in them, and it devolves upon defendant to establish the contrary."

to be correct.

One who has once been the owner of personal property

and has the same in his possession and continues in un-interrupted possession of that property is presumed to be the owner and this presumption must be overcome by sufficient evidence to convince the jury that he, the former owner continuing in possession, has not remained the owner of the property.

The evidence in this case fails to establish a consummated sale of personal property. It merely establishes that the defendant in execution agreed to give the claimant the automobile in satisfaction of a debt due from the defendant in execution to the claimant and that the claimant agreed to accept such settlement, but there is no evidence that this agreement was ever consummated by a transfer of the property either by written binding agreement or by delivery thereof to the claimant.

In this case the defendant in execution is shown to have continued in possession of and used the automobile for something near nine months after he agreed to give it to the claimant in settlement of the debt. The principles enunciated by this Court in the case of Briggs vs. Weston, 36 Fla. 629, 18 Sou. 852, are applicable to the case at bar. In that case the Court say:

"The rule established in this State is, that when it is shown in the event of an absolute sale of personal property that the vendor has continued the possession of the same, and the vendee has in no way assumed possession, the burden rests upon the latter to show that the former's possession is either consistent with the deed, is unavoidable, temporary, or for the reasonable convenience of the purchaser. In such case, without evidence explaining the possession of the vendor, a verdict sustaining the sale would be contrary to the evidence.

The continued possession and use of personal property by the vendor for his own use is inconsistent with a

*bona fide* sale of the property, and requires satisfactory proof in explanation of such possession and use.''

For the reasons stated, the judgment should be reversed and remanded with directions that judgment be entered in favor of plaintiff and it is so ordered.

Reversed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.